IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERTA L. KAAUMOANA,<br><br>Plaintiff,<br><br>vs.<br><br>LOUIS DEJOY, in his official capacity as POSTMASTER GENERAL; FELIX BAGOYO, in his official capacity as POSTMASTER, HONOLULU DISTRICT POST OFFICE, UNITED STATES POSTAL SERVICE,<br><br>Defendants. | CIVIL NO. 19-00294 JAO-KJM<br><br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT |

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

This case arises out of Defendant Felix Bagoyo's ("Bagoyo") alleged retaliation against pro se Plaintiff Roberta Kaaumoana ("Plaintiff") in response to her prior equal employment opportunity ("EEO") activity. Defendants Bagoyo and Louis DeJoy ("DeJoy") (collectively, "Defendants") move for partial dismissal, or in the alternative, for summary judgment, because Plaintiff has not exhausted administrative remedies on her disability discrimination claims and to dismiss Bagoyo because DeJoy, not Bagoyo, is the only proper defendant.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii.  For the following reasons, the Court GRANTS Defendants' Motion for Partial Dismissal, or in the alternative, for Partial Summary Judgment.

BACKGROUND

A.    Factual History

      1.    Prior Proceedings

            a.    Case No. 4F-967-003-15

On February 4, 2015, Plaintiff filed an EEO Complaint of Discrimination in the Postal Service, selecting retaliation as the type of discrimination alleged.  ECF Nos. 44-2 at 2, 44-3 at 2.  The retaliation was in response to her prior EEO activity. ECF No. 44-2 at 3.  Plaintiff identified as retaliatory Bagoyo's issuance of a personal improvement plan using 12-week old data and included in the period for improvement the busiest time of year (December), during which it is difficult to achieve goals.  *See id.* at 2.  Plaintiff also alleged that Bagoyo attempted to start a discipline process based on her failure to attend a year-end celebration, which she would have explained had he returned her calls.  *See id.* at 3.

The U.S. Postal Service ("USPS") dismissed the Complaint for failure to state a claim on February 26, 2015.  ECF No. 44-3 at 2.  On August 10, 2015, the U.S. Equal Employment Opportunity Commission ("EEOC") reversed the

2

dismissal and remanded for further proceedings. *See id.* at 4. On remand, retaliation remained the basis for discrimination. ECF No. 44-4 at 2. The related investigative report addressed Bagoyo's allegedly retaliatory conduct. ECF No. 44-5 at 6.

           **b.**   <u>Case No. 4F-967-0005-16</u>

On January 7, 2016, Plaintiff filed another EEO Complaint of Discrimination in the Postal Service, again alleging retaliation. ECF No. 44-6 at 2. In this Complaint, she pointed to her reassignment to Kaau Post Office from Hilo Post Office at a lower level than her post at that time. *See id.* at 3. The investigation encompassed retaliation based on her prior EEO activity and specifically, the instruction for Plaintiff to report to a lower-level post office for a developmental detail. ECF Nos. 44-7 at 2, 44-8 at 2.

           **c.**   <u>EEOC Proceedings</u>

The EEOC consolidated these complaints and an Administrative Judge granted summary judgment in favor of USPS on the issue of whether USPS discriminated against Plaintiff based on reprisal (prior EEO activity). ECF No. 44-9. This decision was upheld on appeal. ECF No. 44-10.

**B.**   <u>Procedural History</u>

Plaintiff commenced this action on June 10, 2019. She alleges discrimination pursuant to Title VII of the Civil Rights Act; namely, that Bagoyo

retailed against her by transferring her to a less desirable position, subjecting her to increased scrutiny in an effort to discredit her, and making her work more difficult. Compl. at 4–6. Plaintiff utilized the form Complaint for Employment Discrimination. When asked to identify the basis for discrimination, Plaintiff checked "disability or perceived disability (*specify disability*)." *Id.* at 6.

Defendants filed the Present Motion on August 19, 2020. ECF No. 43. Plaintiff did not file a response.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted).

Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice. *See Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions. *See id.* As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original). If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment. *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

<u>DISCUSSION</u>

A.   <u>Judicial Notice</u>

As a preliminary matter, the Court notes that it will address the Motion as one for dismissal, not summary judgment.  Under FRCP 12(b)(6), review is ordinarily limited to the contents of the complaint.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Sprewell*, 266 F.3d at 988.  A 12(b)(6) motion is treated as a motion for summary judgment if matters outside the pleadings are considered.  *See Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).  However, courts may "consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  In addition, courts may consider evidence necessarily relied upon by the complaint if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  *Marder*, 450 F.3d at 448.

Pursuant to Federal Rule of Evidence ("FRE") 201, the Court may take judicial notice of the exhibits attached to the Concise Statement of Facts, which concern the administrative proceedings, because the Complaint references the proceedings, Defendants' Exhibit I (March 21, 2019 EEOC decision affirming the

Administrative Judge decision) is also included with the Complaint, and the exhibits "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Because judicial notice is proper, the Court need not treat the Motion as one for summary judgment.

B.   Exhaustion of Administrative Remedies

Defendants argue that Plaintiff's disability discrimination claim should be dismissed because she did not exhaust administrative remedies and any such claim is unrelated to her retaliation claim. "Although failure to file an EEOC complaint is not a complete bar to district court jurisdiction, substantial compliance with the exhaustion requirement is a jurisdictional pre-requisite." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (citation omitted); *Vinieratos v. United States Dep't of Air Force Through Aldridge*, 939 F.2d 762, 768 n.5 (9th Cir. 1991) ("We do not recognize administrative exhaustion under Title VII as a *jurisdictional requirement* per se; we treat it as a legal question under the de novo standard because the issue is whether the plaintiff has satisfied a *statutory precondition* to suit."). Ordinarily, specific claims raised in district courts must first be presented to the EEOC and "[t]he jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation." *Leong*, 347 F.3d at 1122 (citations omitted). District courts have "jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges

that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Id.* (citation omitted).

Here, it appears that Plaintiff, who is proceeding pro se, might have inadvertently selected "disability" on the form complaint because she has not identified any disabilities, nor discrimination based on a disability. But assuming she in fact alleges or intended to allege disability discrimination, such claims must be dismissed. Plaintiff exclusively asserted retaliation claims (for her prior EEO activities) in the EEO complaints and the administrative bodies only investigated and addressed those allegations. Therefore, she has not exhausted her administrative remedies with respect to claims premised on disability discrimination.

Moreover, to the extent Plaintiff were to assert any disability discrimination claims here, they would have to be "like or reasonably related to" the retaliation allegations before the EEOC or within the scope of an EEOC investigation that could reasonably be expected to grow out of the retaliation allegations. Because Plaintiff has not presented any disability discrimination allegations, the Court is unable to evaluate whether they would satisfy this criteria. Allowing disability claims to proceed that were not asserted in the administrative proceedings would deprive USPS of adequate notice. *See Leong*, 347 F.3d at 1122. And where, as here, the EEOC decisions made no mention of disability, a determination that

disability claims are "like or reasonably related to" Plaintiff's retaliation claims "would reduce the exhaustion requirement to a mere formality." *Id.* For these reasons, the Court DISMISSES disability discrimination claims that could be inferred from Plaintiff's selection of "disability" on the form complaint.

C.    <u>Proper Defendant</u>

Defendants also seek dismissal of Bagoyo on the basis that DeJoy, as Postmaster General of the USPS, is the only proper defendant in this action. Title VII requires federal employees to file civil actions against "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c). In this case, the proper defendant is the Postmaster General. *See Mahoney v. U.S. Postal Serv.*, 884 F.2d 1194, 1196 (9th Cir. 1989). Employees, including supervisors such as Bagoyo, are not subject to personal liability under Title VII. *See Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995). Therefore, the Court DISMISSES WITH PREJUDICE Plaintiff's claims against Bagoyo.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court GRANTS Defendants' Motion for Partial Dismissal, or in the alternative, for Partial Summary Judgment. ECF No. 43.

IT IS SO ORDERED.

DATED:     Honolulu, Hawaiʻi, November 9, 2020.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00294 JAO-KJM; *Kaaumoana v. DeJoy*; ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT