IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERTA L. KAAUMOANA, aka LELA M.,<br><br>   Plaintiff,<br><br> vs.<br><br>LOUIS DEJOY, in his official capacity as POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,<br><br><br>   Defendant. | CIVIL NO. 19-00294 JAO-KJM<br><br>**ORDER GRANTING DEFENDANT LOUIS DEJOY, IN HIS OFFICIAL CAPACITY AS POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE'S MOTION FOR SUMMARY JUDGMENT** |

**ORDER GRANTING DEFENDANT LOUIS DEJOY, IN HIS OFFICIAL CAPACITY AS POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Roberta L. Kaaumoana ("Plaintiff") filed suit under federal employment discrimination laws against her employer Defendant Louis DeJoy, in his official capacity as Postmaster General, United States Postal Service ("Defendant").  Defendant moved for summary judgment on Plaintiff's sole remaining claim, retaliation in violation of Title VII of the Civil Rights Act.  *See* ECF No. 55.  The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii.  For the following reasons, the Court GRANTS Defendant's Motion for Summary Judgment.

I.     BACKGROUND

A.     Facts[1]

Plaintiff, a United States Postal Service ("USPS") employee, has worked as the Postmaster General of the USPS's Hilo Post Office[2] since May 2014.  ECF No. 56 ¶¶ 2, 11.  Plaintiff was appointed to the Postmaster position as a result of the settlement of a prior equal employment opportunity ("EEO") claim against the USPS.  *Id.* ¶ 2.  At the time of Plaintiff's appointment, her direct supervisor was Felix Bagoyo ("Bagoyo"), the Manager of Post Office Operations.  *Id.* ¶ 3.  Bagoyo held this position since August 24, 2013, at which time he learned of Plaintiff's prior EEO case.  *Id.* ¶ 1.

After Plaintiff's appointment, Bagoyo dispatched at least three USPS employees to "coach" Plaintiff in her management skills in certain areas of operations and to improve the performance of the Hilo Post Office.  *Id.* ¶ 4; ECF No. 56-1 ¶ 10.  On November 7, 2014, Plaintiff was placed on a Performance Improvement Plan ("PIP") due to her work deficiencies.  ECF No. 56 ¶ 5.  The PIP stated specific areas in which Plaintiff needed to improve; set up a shadow process

---

[1] Plaintiff failed to file a response to Defendant's Motion.  As such, the Court's recitation of the facts at issue in this case are based solely on the facts set forth in Defendant's Concise Statement of Facts, ECF No. 56, the entirety of which is undisputed.

[2] Defendant uses the phrases "Hilo Station" and "Hilo Post Office" interchangeably.  *Compare* ECF No. 56 ¶¶ 2, 4, *with id.* ¶ 9.

with another Postmaster General, and mandated telephone meetings every other week between Plaintiff and Bagoyo to monitor Plaintiff's progress. *Id.* ¶ 6; ECF No. 56-3 at 4, 8. Plaintiff's performance at work improved and she was taken off of the PIP in January 2015, after which her work performance declined in numerous areas. ECF No. 56 ¶¶ 7–8.

Due to her subpar work performance, Plaintiff was temporarily detailed to the smaller Keaau Post Office, effective October 17, 2015, so that she could develop her management skills in a smaller facility. *Id.* ¶ 9. Plaintiff subsequently submitted medical documentation excusing her from work. *Id.* ¶ 10; ECF No. 56-1 ¶ 19.

**B.     Procedural History**

Plaintiff commenced this action by filing her Complaint for Employment Discrimination against then-Postmaster General Megan J. Brennan and Bagoyo on June 10, 2019. ECF No. 1. Plaintiff's complaint included claims for retaliation and discrimination on the basis of disability. *Id.* at 6. Following Defendant's Motion for Partial Dismissal, or in the Alternative, for Partial Summary Judgment, ECF No. 43, the Court issued an Order dismissing Plaintiff's disability discrimination claim as well as her retaliation claim against Bagoyo. ECF No. 48.

On February 12, 2021, Defendant filed the Motion, moving for summary judgment on Plaintiff's lone surviving claim for retaliation. ECF No. 55.

Plaintiff failed to respond to Defendant's Motion by March 12, 2021, the deadline established by the Court's briefing schedule. ECF No. 58. The Court then extended Plaintiff's deadline to respond to the Motion until March 25, 2021. ECF No. 65. Despite the Court's extension of the deadline, Plaintiff at no point responded to the Motion. ECF No. 66. The Court therefore treats the Motion as unopposed. *Id.*

## II. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "This burden is not a light one." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). But the moving party need not disprove the opposing party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial. *See id.* at 323–24; Fed. R. Civ. P. 56(c)(1).

"[A] district court is not entitled to weigh the evidence and resolve disputed underlying factual issues." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161

4

(9th Cir. 1992) (citation omitted).  Rather, "the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986) (citation, internal quotation marks, and ellipsis omitted).  A district court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found."  *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

### III.   DISCUSSION

Plaintiff alleges Defendant retaliated against her as a result of her prior EEO complaint by (1) transferring her to a less desirable position, i.e., the temporary detail to the Keaau Post Office; (2) engaging in increased scrutiny of Plaintiff by sending multiple supervisors and managers to Plaintiff's workplace; and (3) making Plaintiff's work more difficult by issuing the PIP based on outdated data.  ECF No. 1 at 5.

"Title VII [of the Civil Rights Act] prohibits employers from 'discriminat[ing] against' an employee 'because [s]he has opposed any practice' prohibited under Title VII."  *Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1021 (9th Cir. 2018) (some brackets in original) (quoting 42 U.S.C. § 2000e-3(a)).  In order to establish a prima facie case for retaliation, Plaintiff must be able to

show that she suffered an adverse employment action because she engaged in activity protected by Title VII. *See id.* (citing *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093–94 (9th Cir. 2008)). If Plaintiff can establish a prima facie case, the *McDonnell Douglas*[3] framework applies, under which the burden shifts to Defendant to show a non-retaliatory justification for the challenged action, and then back to Plaintiff to show that the proffered justification is pretextual. *Id.* (citing *Davis*, 520 F.3d at 1088–89, 1094–95).

Even assuming Plaintiff met her burden of proving a prima facie case because (1) she engaged in protected activity by filing her prior EEO complaint; (2) the transfer to Keaau, increased scrutiny, and implementation of the PIP qualify as an adverse employment action; and (3) there was a causal connection between the two, *see Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105–06 (9th Cir. 2008), Defendant nonetheless set forth legitimate, non-retaliatory reasons for Bagoyo's action. Bagoyo maintained that the purpose of Plaintiff's temporary detail to the Keaau Post Office "was to provide [Plaintiff] an opportunity to improve her management skills and performance by temporarily overseeing a smaller facility." ECF No. 56-1 ¶ 17. Bagoyo further stated that he dispatched various USPS employees to "coach" Plaintiff in her management skills in certain

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

6

areas of operations that needed to be addressed at the Hilo Post Office and to improve the performance of the Hilo Post Office. *Id.* ¶ 10.  Finally, Bagoyo explained that he implemented the PIP because of continued deficiencies in Plaintiff's performance and that the purpose of the PIP was to help improve Plaintiff's performance and provide Plaintiff with assistance from another Postmaster and regular telephone meetings with Bagoyo. *Id.* ¶¶ 11–12.  Moreover, Bagoyo stated that he did not consider Plaintiff's prior EEO activity when he placed Plaintiff on the PIP and temporarily detailed her to the Keaau Post Office and instead made these decisions for her professional development.  *Id.* ¶ 20.

The burden thus shifts back to Plaintiff to show these stated reasons regarding her performance and Bagoyo's response thereto were mere pretext.  *See Surrell*, 518 F.3d at 1106.  Plaintiff has not offered evidence that would carry her burden of showing that Bagoyo's justification was pretextual:  she fails to identify evidence that would either directly persuade the Court that a retaliatory reason more likely motivated Bagoyo or indirectly demonstrate that Defendant's proffered explanation is unworthy of credence.  *See Campbell*, 892 F.3d at 1022.  Indeed, Plaintiff has offered no evidence at all as she failed to respond to the Motion.

Defendant is therefore entitled to summary judgment in his favor on Plaintiff's retaliation claim.

7